FRANK SIMMONS, Assignee, etc., Respondent, v. WESTLAKE CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, March 8, 1910.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS: Building Contract: Assignee not Required to Perform. An assignee for the benefit of creditors is not bound to complete a construction contract made by the assignor before insolvency, though the assigned estate is liable for the breach thereof.

2. CONTRACTS: Construction. English words must be given their usual meaning in construing unambiguous contracts.

3. ——: Building Contract: Contract Price: Construction: Facts Stated. Plaintiff's assignor for the benefit of creditors had agreed with the principal contractor to furnish certain materials and do certain work on a building for the sum of $1500, and after his assignment to plaintiff, when the contract had been partially completed, the latter executed a contract with the principal contractor and others, by which he agreed to complete the contract by February 9, 1908 (the original contract requiring its completion by December 10, 1907), and the principal contractor agreed to waive its right to liquidated damages provided in the original contract for failure to complete the work when agreed, and to assist plaintiff to procure power to operate the assignee's machine so as to facilitate the work. The contract also provided that the principal contractor should pay plaintiff for all labor and materials required to complete the work in weekly payments, and required plaintiff to submit to it a detailed pay roll for all labor and invoices for all materials, for which he desired to be paid, and also provided that, when the principal contractor shall have paid for all labor and material so required by plaintiff, the balance due under the contract should be paid to another party thereto. *Held*, that the principal contractor was required to pay plaintiff for all the labor and material required to complete the work, whether or not the amount paid therefor exceeded the $1500 stipulated in the original contract.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*Thomas C. Hennings* and *Klein & Hough* for appellant.

(1) An agreed cas must be verified by affidavit, R. S. 1899, sec. 793. (2) A contract must be construed as an entirety. County of Johnson v. Wood, 84 Mo. 489; Lewis v. Penn, 3 Mo. App. 372; Construction Co. v. Hayes, 191 Mo. 292. (3) Recital of a prior agreement, in a later one, after it has been executed, does not extinguish the former. Johnson v. Wood, 84 Mo. 507; Bank v. Patterson's Admr., 11 U. S. 299; Noel v. Gaines, 68 Mo. 658; Bunce Admr. v. Beck, 43 Mo. 280; Menne v. Neumeister, 25 Mo. App. 305. (4) Circumstances surrounding the execution of a contract and a supplementary one may be looked to, to ascertain the intention of the parties, or, as the Westlake Construction Company could have compelled the surety on Ellinger's bond to finish the contract for the contract price of $1500, there was no inducement for it to enter into the modified agreement unless it expected work to be done for that price. The surrounding circumstances must be looked to to ascertain intention of parties. Koehring v. Meminghoff, 61 Mo. 403; Pratt v. Langston, 111 Mo. App. 102; Knoepker v. Redel, 116 Mo. App. 67; Nordyke v. Marmon, 155 Mo. 643. (5) A contract modified, amid circumstances which imply or warrant the belief that no additional expense will result from the change, will not warrant a construction that the contracting party intended to add to the amount of the original consideration. Boody v. Rutland, 3 Blatch. 25, Fed. Cases. No. 1635; Wear Bros, v. Schnelzer, 92 Mo. App. 314; Gibbons v. United States, 15 Ct. Claims 193; Gallagher v. Dist. of Columbia, 19 Ct. Claims 564.

*Charles M. Reeves* and *William H. Davies* for respondent.

(1)   What is clear needs no interpretation, and oral testimony is inadmissible to contradict or vary the terms of a written contract.   1 Greenleaf on Ev., sec. 275; 7 Am. and Eng. Ency. Law (1 Ed.), 91.   (2)   A person signing a contract is conclusively presumed to know its contents and to accept the same, and all prior negotiations are merged in the writing.   Leicher v. Keeney, 98 Mo. App. 394; Crim v. Crim, 162 Mo. 544. (3)   A party may change or modify the terms of a written contract by a subsequent agreement, and when this is done he must declare on the agreement as modified.   Lanitz v. King, 93 Mo. 513; Munroe v. Perkins, 9 Pickering. 298; Lattimore v. Harson, 14 Johnson 330; 1 Greenleaf on Ev., sec. 303.   (4)   In the absence of fraud or mistake, a complete written contract is a merger of all antecedent agreements between the parties and affords conclusive evidence of the knowledge and assent on the part of the parties to all its contents terms and conditions.   Huber Mfg. Co. v. Hunter, 87 Mo. App. 50; Bishop on Contracts, sec. 319.

NORTONI, J.—This is a suit on a contract.   The breach alleged relates to the defendant's refusal to pay for certain materials and labor furnished under the contract.   The plaintiff recovered and defendant appeals.

The facts were all agreed to by the parties.   The trial was had before the court without a jury.   There was no verbal testimony introduced and no instructions asked or given.   The only question therefore worthy of consideration relates to the construction of the modified contract presented in the agreed statement of the case.   The facts stipulated between the parties are as follows:

"I. That the said Frank Simmons is the regular appointed assignee of W. D. Ellinger.

"II. That said W. D. Ellinger entered into a contract with the Westlake Construction Company, dated the eleventh day of October, 1907, in which he agreed to furnish and install all of the mill work, cabinet work, office partitions, rails, enclosures, window frames, sash, door frames, doors, wainscoting, shelves, drawers, butts, locks, drawer pulls, setting, finishing and painting of same, complete in the building mentioned in said contract; also all glass and glazing except Novus glass, being everything called for in specifications covering the work required to complete the additions and alterations to the Mechanics-American National Bank building as called for in the specifications and plans for this work made by A. B. Groves, Architect, the specifications being attached to said contract.

"III. That on the sixth day of January, 1908, the parties, plaintiff and defendant, entered into the modified agreement as per exhibit attached and herein set out (of which the following is a verbatim copy, with the exception of the first paragraph thereof, which simply names Westlake Construction Company as party of the first part; Frank Simmons, assignee of W. D. Ellinger, as party of the second part; Lafayette National Bank as party of the third part, and the American Bonding Company as party of the fourth part):

" '1. The work mentioned and described in said contract shall be taken up and fully completed by the said Simmons, party of the second part. Said Simmons shall begin the work of installation not later than the ninth day of January, 1908, and it shall be completed and fully performed within thirty secular or working days thereafter, provided he is not delayed by said party of the first part.

"2. Said party of the first part shall pay the said party of the second part, or on his order, for all labor and for all materials required to complete the work described in the foregoing contract, and shall make such payments weekly, on Saturday of each week. Said party of the second part shall submit to said party of the first part a detailed pay roll for all labor and invoices or vouchers for all materials, for which he desires to be paid.

"3. Said party of the first part undertakes to assist the said party of the second part in obtaining from the Union Electric Light & Power Company, or the Laclede Power Company, the necessary motive power for operating the machinery in the factory of said W. D. Ellinger, of whom said party of the second part is assignee, so far as such power is necessary for the performance of the work described in the foregoing contract.

"4. When said party of the first part shall have paid for all materials and all labor so required by said party of the second part, then it shall pay the entire balance due under the foregoing contract to the Lafayette Bank, party of the third part hereto.

"5. All of the foregoing terms being complied with, the party of the first part waives any right to demand liquidated damages under the terms of the foregoing contract.'

"IV. It is further agreed by the parties hereto that the said Frank Simmons, as assignee, as plaintiff herein, has expended on said contract the sum of two thousand one hundred fifty-seven dollars and thirty-seven cents ($2,157.37), and that the said Westlake Construction Company, under clause two of said modified agreement, has admitted that it is indebted to said assignee in the sum of fifteen hundred dollars ($1500), and that it has paid to said plaintiff, on account of same, the sum of fourteen hundred seventy-one dollars

and thirty cents ($1471.30), leaving a balance due said plaintiff of twenty-eight dollars and seventy cents ($28.70), which balance said defendant has tendered to plaintiff, and which tender said plaintiff herein admits, but the said defendant refused and still refuses to pay to said plaintiff the sum of six hundred eighty-six dollars and seven cents ($686.07), the balance which said plaintiff still claims is due under said contract, and which the defendant herein denies, and upon the foregoing facts the case is submitted to the court, sitting as a jury, upon the issues joined herein, with leave to either party to except to any rulings of the court on propositions of law that may be moved by either as applicable to the case and take a bill of exceptions in respect thereof." (The italics are our own.)

From other of the facts stipulated, it appears that W. D. Ellinger had taken the contract to furnish the material and labor and installed the work mentioned for the Westlake Construction Company in the Mechanics-American National Bank Building then being constructed by the Westlake Construction Company who was the general contractor. Under the original contract referred to, Ellinger had agreed to complete the work by the 10th day of December, 1907, and if not completed by that date, to pay ten dollars per day as liquidated damages for each day he was in arrear thereafter. Upon completion of the work, Ellinger was to receive fifteen hundred dollars as total compensation therefor. During the time the work was progressing, he was entitled, under the original contract, to receive payments monthly thereon from the general contractor, the Westlake Construction Company; however, that company retained the right to withhold at all times fifteen per cent of the amounts due Ellinger. Ellinger had executed a bond in the sum of seven hundred and fifty dollars for the faithful execution of his contract and the American Bonding Company was his surety thereon.

After the work had been partially completed, it seems Ellinger became insolvent and executed an assignment for the benefit of creditors under our statutes. The present plaintiff, Mr. Simmons, is his assignee under that assignment. This is the condition which obtained when the parties executed the modified contract now in judgment. It appears from the modified agreement that Simmons, Ellinger's assignee, agreed to take up the work and complete it on or before the 9th day of February, 1908, whereas under the original contract it should have been completed by the 10th day of December, 1907.

It appears, too, from a careful reading of the modified contract that the Westlake Construction Company was willing to make concessions to the end that this work should be completed. This is natural enough, indeed, for it appears that company was the general contractor for the building and was no doubt required to hasten its completion. The Westlake Construction Company stipulated in the modified contract, among other things, to waive all right to demand liquidated damages under the terms of the original contract with Ellinger. The liquidated damages referred to were stipulated at the rate of ten dollars per day for default in event Ellinger failed to complete the work on December 10th, 1907. It also appears that the Westlake Construction Company, as a further concession to induce Mr. Simmons, the assignee, to complete the contract, was willing to and did obligate itself to use its best offices to assist him in obtaining from the Union Electric Light & Power Company or the Laclede Power Company the necessary motive power for operating the machinery in the factory of Ellinger, to the end that the work contemplated might be pushed forward. These matters are referred to as elucidating an expressed intention on the part of the Westlake Construction Company to make concessions in order that the works mentioned in the contract might be pushed forward. The modified

contract revealing the Westlake Construction Company in this attitude at the time of its execution elucidates to some extent the stipulation with respect to the agreement on its part to pay for all labor and materials used in installing the work.

Now, it is true while the original contract stipulated fifteen hundred dollars as the full compensation which Ellinger was to receive for material and work, nothing whatever is said in the modified contract indicating that that amount should control between the present parties. The modified contract was entered into by different parties, for the law imposed no obligation on the assignee to complete the work although the assigned estate in his hands was liable for the breach of the original contract. The modified contract stipulates in section II thereof that the party of the first part, who is the Westlake Construction Company, shall pay the party of the second part, Mr. Simmons, the plaintiff, or his order, *for all labor and for all materials* required to complete the work described in the foregoing contract and shall make such payments weekly on Saturday of each week. It appears from the same stipulation that Mr. Simmons, the plaintiff, was required to submit to the Westlake Construction Company a detailed pay roll for all labor and invoices or vouchers for all materials for which he desired to be paid. Why was the plaintiff required to submit such detailed statements for all labor and all materials unless the defendant construction company expected to pay for the same? It seems that if the parties had intended that the work should be completed for fifteen hundred dollars as total compensation, some reference would have been made thereto in the modified contract, as the chief and principal modification of the original contract consists in stipulating about the matter of payments. We are required, in interpreting unambiguous contracts, to accord English words their usual and ordinary meaning. When we do this, we see no

147 App—19

escape from the conclusion that the agreement expressed on the part of the Westlake Construction Company to pay for all labor and for all materials required to complete the work means all labor and all materials used therein notwithstanding the fact that the former contract had fixed the total sum at fifteen hundred dollars.

Section IV of the modified contract seems to contemplate that there might be a profit earned in completing the work and stipulates that when the Westlake Construction Company had paid for all materials and all labor required, then it should pay any balance due under the contract to the Lafayette Bank. This also tends to show that, while the Westlake Construction Company was in a humor to make concessions in order that the work might be speedily completed, it again expressed an agreement to pay for all materials and all labor required.

We believe the contract was properly interpreted at the trial and that the judgment should be affirmed. It is so ordered. *Goode, J.,* concurs; *Reynolds, P. J.,* dissents.